THE BANK OF PLATTSBURGH AND OTHERS *v.* PLATT AND OTHERS.

Where a defendant in a bill of foreclosure, who was not personally liable for the mortgage debt, filed a cross bill and set up a defence which was not ultimately sustained, and thus in the mean time kept possession of and received the rents and profits of the mortgaged premises, and which premises, upon a sale thereof, were found insufficient to pay the amount due, he was decreed to pay the extra costs occasioned by his defence.

THE original bill filed in this cause was for the fore- May 5th. closure of a mortgage given by the defendant Platt, which was a lien upon his hands only, he being by the terms of the mortgage expressly exempted from personal liability for the debt. After the filing of the bill, Platt conveyed the premises to Anderson, and set up that conveyance in his answer, and in a cross bill to defeat the foreclosure. The late Chancellor decided against the legality of the defence, and ordered a sale of the mortgaged premises; but by means of this defence the *mortgagees were kept out of [*465] the possession, and were prevented from selling the premises, for about one year longer than they otherwise would have been.

After the premises were advertised under the decree, the defendant Platt applied for a longer time and more extended notice of sale. This was granted on condition that he paid the rents and profits of the premises during the delay, if sufficient should not be raised on the sale to pay the debt. The premises were afterwards all sold, leaving nearly thirty-six thousand dollars still due to the complainants. A reference was made to the master, by consent of the parties, to ascertain the amount of the rents and profits of the premises during the time the sale was suspended under the last order. The cause was heard upon the master's report of the sale, the report as to the rents, and exceptions of both parties thereto, and upon the equity reserved in the original decree.

*J. V. Henry*, for the complainants.

*P. S. Parker*, for the defendant Platt.

THE CHANCELLOR :—I am satisfied, on looking into the master's report, as to the rents and profits of the premises during the time the sale was suspended, that he has decided correctly as to the amount, and that under the order of the 5th of April, 1827, Platt is answerable for the rents and profits of the whole premises. As that order for the postponement of the sale was made for the exclusive benefit of Mr. Platt, he should pay all the extra costs occasioned thereby. The whole of the costs of the cross suit, and all the costs in the original suit, which were produced by the defence made by the defendant Platt, must also be paid by him. Although he may have supposed he had a valid defence to the suit for foreclosure, he put in that answer and filed his cross bill at the peril of costs. By the original mortgages and covenant, the complainants had a right to the possession of the premises, if default should be made in payment of the instalments. The setting up of this defence, and protracting the litigation, has deprived them of the rents and profits accrued in the [*466] *mean time, to the amount of several thousand dollars, of which he has had the benefit. There cannot, therefore, be any injustice in charging him with the extra costs which he has unnecessarily made.

A decree must be entered, giving to the purchasers under the decretal order of sale respectively, and their heirs and assigns, the full benefit of all the covenants of warranty, &c., in the original mortgages, and they are declared to run with the land and to enure to the benefit of such purchasers. The defendant Platt must also be decreed to pay $479 56, reported due for rents and profits, with interest thereon from the 24th of August, 1827, the date of the master's report, which report is confirmed. He must also be decreed to pay all the costs of the cross suit, and the costs which were made by his answer and defence in the original suit, to be

ascertained and taxed by one of the taxing masters of this court; and also the sum of $142 10, for the extra expense of adjourning the sale as reported by the master.